UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN MCWILLIAMS | No. 14 CR 504<br><br>Judge Edmond E. Chang |

**AGREED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. The following materials (the "Protected Materials") produced by the United States or third parties in preparation for, or in connection with, any stage of the proceedings in this case are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court: (i) any recording (whether audio or video), report, statement, other material concerning any confidential human source, confidential source, confidential informant or cooperating witness (collectively, "cooperators"), including, but not limited to, any recording, report, statement or other material concerning an interview of a cooperator, any statement by a cooperator, or any meeting or conversation between defendant and a cooperator; and (ii) any recording (whether audio or video), report, statement, or other material that might disclose the identity of a cooperator, including, but not limited to, any recording, report, statement or other material that includes a cooperator's name, likeness, voice, date of birth, social security number, IDOC number, or other identifying information.

2. Defendant and defendant's counsel shall not disclose the Protected Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the Protected Materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the Protected Materials except in order to provide copies of the Protected Materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original Protected Materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Protected Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Protected Materials.

5. Before providing Protected Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the Protected Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Protect Materials may be (1) destroyed; (2) returned to the

United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Protected Materials. In the event that the Protected Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Protected Materials are so maintained, and the Protected Materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

*Edmond E. Chang*

EDMOND E. CHANG
District Judge
United States District Court
Northern District of Illinois

Date: October 16, 2014